UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL CHAVEZ,

        Petitioner,

vs.

BEN CURRY, Warden,

        Respondent.

                        /

No. C 08-4688 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1993 petitioner was convicted of second degree murder and was sentenced to prison for fifteen years to life. This petition is directed to a denial of parole on April 12, 2006. He claims to have exhausted these claims by way of state habeas petitions.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) There was not "some evidence" that he would be a risk to public safety if released now; (2) his due process rights were denied when the Board denied parole based on the unchanging circumstances of his crime; (2) the denial of parole makes his sentence the equivalent of a first degree murder life sentence, breaching the plea bargain, and the prosecutor has breached the plea agreement by arguing for continued incarceration; (3) the presence of an Assistant District Attorney at the hearing to oppose release violated implied terms of the plea agreement; (4) he should have been released because he had been confined beyond his maximum eligible parole date; (5) the indeterminate life term conflicts with his right to sentence credits for time served pre-conviction; (6) the Board's use of police reports to determine facts violated his Sixth Amendment right to confrontation; (7) the Board failed to apply the sentence "matrix" to him; (8) his counsel was ineffective in advising him to take the plea offer; (9) his Sixth Amendment right to trial by jury was violated by the Board's making factual findings that in effect found him guilty of a greater offense than that to which he pled guilty; and (10) the Board's conclusion that he would be a risk to society if paroled conflicts with the CDCR's decision to house him in a facility for nonviolent inmates.

///

Issues five, seven and ten present only state-law claims, and thus cannot be considered in this proceeding, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law), and issue eight goes to petitioner's conviction, not the parole denial, and thus must be raised in a separate petition. These claims will be dismissed. The other claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Issues five, seven, eight and ten are **DISMISSED**.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner

must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  November 5, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\CHAVEZ4688.OSC.wpd

4