UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN MANUEL CHAVEZ,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

_____/

No. C 08-4688 PJH (PR)

**ORDER DENYING HABEAS PETITION AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole.

This court ordered respondent to show cause why a writ should not issue. After respondent had answered and petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), in which a number of important issues involving parole habeas cases were raised. In consequence, the court ordered the parties to provide supplemental briefs addressing the impact of *Hayward* on this case, which only respondent has done. For the reasons set forth below, the petition will be denied.

## BACKGROUND

In 1993, petitioner was convicted of second degree murder and was sentenced to prison for fifteen years to life. This petition is directed to a denial of parole on April 12, 2006. He claims to have exhausted these claims by way of state habeas petitions.

Petitioner has had four cases in this court. Number C 07-05312 PJH (PR), *In re Chavez*, was dismissed as opened in error. Number C 07-5512 PJH (PR), *Chavez v. Curry*, is a habeas case directed to a March 5, 2007, denial. The petition in that case is

denied in an order entered contemporaneously with this one.  Number C 08-4688 PJH (PR), *Chavez v. Curry*, is this case, directed to a denial of parole on April 12, 2006. Number C 10-1818 PJH (PR), *Curry v. Grounds*, is directed to a denial of parole on March 5, 2009.  It is presently pending initial review.

## DISCUSSION

### I.    Standard of Review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## II.    Impact of *Hayward*

In *Hayward* the en banc court held that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness" arising directly from the Due Process Clause of the federal constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that portion of the cases, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke*

*v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (post-*Hayward* case; noting that California law gives rise to a liberty interest in parole). However, all three also contained references in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at 853-54. It appears that this possibility, referred to below as a "*Biggs* claim," is the only thing that was "overruled" by *Hayward*.

Aside from making clear that there could be no *"Biggs* claim" arising directly from the Due Process Clause of the Constitution, cases decided subsequent to *Hayward* have clarified that federal habeas review of California parole decisions remains much the same as it was prior to that decision. The Ninth Circuit still recognizes that California law gives rise to a liberty interest in parole. *Pirtle*, 611 F.3d 1015, 1020-21 (9th Cir. 2010); *Cooke,* 606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11. Under California law, "some evidence" of current dangerousness is required in order to deny parole. *Hayward*, 603 F.3d at 562 (citing *In re Lawrence*, 44 Cal. 4th. at 1191, 1209-15 (2008), and *In re Shaputis*, 44 Cal.4th 1241 (2008)). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213. A federal court considering a "some evidence" claim directed to a parole denial thus must determine whether there was "some evidence" of current dangerousness to support the parole board's decision; if not, the prisoner's due process rights were violated. This was also true prior to *Hayward*, although now the rationale is that the Court is applying California's "some evidence" rule as a component of the required federal due process.

Respondent contends that *Hayward* allows only review for whether a state's parole procedures provide adequate procedural protections, not for whether those protections were properly applied by the Board or the state reviewing courts. Supp. Br. at 7-8. That is, there would be no review for whether a parole denial was supported by "some evidence," but only for whether California law requires that denials be supported by "some

4

evidence" – as of course it does – and whether the state courts conducted that review. He asserts that Ninth Circuit cases decided subsequent to *Hayward* – at the time the brief was filed those were *Cooke* and *Pearson* – are wrongly decided. This court must follow the Ninth Circuit's cases, so these contentions are rejected.

**III.   Issues Presented**

   **A.   Respondent's Contentions**

In the answer, respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. He says these contentions are made to preserve the issues for appeal. As discussed further below, even after the en banc decision in *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc), these contentions are incorrect. *See Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-21 (9th Cir. 2010) (California law creates a federal liberty interest in parole; that liberty interest encompasses the state-created requirement that a parole decision must be supported by "some evidence" of current dangerousness); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (same); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (same).

Respondent is correct, however, that if the court concludes that the Board's decision was not supported by "some evidence," the correct remedy is not to order that he be released on parole, but rather to order that the Board conduct another eligibility hearing at which the prisoner's rights are respected. *See Haggard v. Curry*, No. 10-16819 (9th Cir. Order Oct. 12, 2010).

   **B.   Petitioner's Claims**

Petitioner raised ten issues in the petition, but the court dismissed four of them. Those that remain are his claims that: (1) there was not "some evidence" that he would be a risk to public safety if released now; (2) his due process rights were denied when the Board denied parole based on the unchanging circumstances of his crime; (3) the presence

at the hearing of an Assistant District Attorney who opposed release violated implied terms of the plea agreement; (4) he should have been released because he had been confined beyond his maximum eligible parole date; (5) the Board's use of police reports to determine facts violated his Sixth Amendment right to confrontation; (6) his Sixth Amendment right to trial by jury was violated by the Board's making factual findings that in effect found him guilty of a greater offense than that to which he pled guilty.

### 1. "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)).  That requirement was summarized in *Hayward* as follows:

> [a]s a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.'  There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.'  The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness.  Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Id.* at 562 (quoting *Lawrence*, 44 Cal. 4th. at 1191, 1209-15); *see also Cooke,* 606 F.3d at 1214 (describing California's "some evidence" requirement).

When a federal court considers a habeas case directed to a parole decision, the "necessary subsidiary findings" and the "ultimate 'some evidence' findings" by the state courts are factual findings – and thus are reviewed by the federal court under 28 U.S.C. § 2254(d)(2) for whether the decision was "based on an unreasonable determination of the facts in light of the evidence."  *Id.* (citing *Hayward*, 603 F.3d at 563).

6

The nature of the offense was one basis for the Board's conclusion that petitioner would be a danger to society if paroled. The Presiding Commissioner at the hearing did not follow the Board's usual practice of reading a description of the offense into the record, but instead said "What I'm going to do is incorporate by reference . . . . For the transcriber that's page two of the probation officer's report." Pet., Ex. A (hereafter cited as "Tr.") at 16. Unfortunately, the document to be incorporated by reference did not make it into the transcript, nor is it elsewhere in the record. After the statement about incorporation by reference, however, the presiding commissioner went through the facts of the case in dialog with petitioner. In this way it was established that petitioner, who was married, was having an affair with the victim. Tr. 17. They both went to a party at petitioner's brother's place. *Id.* Petitioner had been drinking since 8:30 a.m., and ended up drinking and talking with the victim that night. *Id.* They partially disrobed and were "making out" when petitioner said he was not going to leave his wife; the victim slapped him, and he blacked out. *Id.* at 17-18. He came out of his blackout with the victim dead, strangled, beside him. *Id.* He dragged her half-nude body onto the beach and left it there. *Id.* at 18. Someone saw him dump the body and he was arrested ten blocks from the scene. *Id.* at 19-20.

At the time of the hearing in 2006 petitioner was approximately thirty-eight years old and had served about fourteen years on his sentence of fifteen years to life. The passage of time probably reduces the evidentiary value of the offense itself, but the court concludes that the circumstances of the offense were particularly brutal, in that petitioner manually strangled a sex partner. The nature of the offense thus is sufficient to constitute "some evidence" when supported by other evidence of current dangerousness. Here, there was evidence before the Board that petitioner might have been involved in a rape, which caused some concern as to his criminal history. The Board asked that it be determined before the next hearing whether charges were dropped because he was not the perpetrator or if they were dropped because the victim was unwilling to proceed. *Id.* at 67-68. There also was evidence that petitioner's parole plans were insufficient, in that he did not have current proof of the purported job offers and did not have a backup plan. *Id.* at 69-70. There thus

was "some evidence" sufficient to support the denial.

### 2. *Biggs* Claim

Petitioner contends that the Board violated his due process rights by denying parole repeatedly based on the circumstances of his offense.

In *Biggs*, the court said, in dictum, that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." 334 F.3d at 917. As discussed above, the court in *Hayward* overruled any implication that such a claim might be viable. *Hayward*, 603 F.3d at 556. This claim therefore is without merit.

### 3. Presence of Prosecutor

Petitioner contends that the opposition of the Deputy District Attorney to parole violated his plea agreement.

A defendant has a due process right to enforce the terms of his plea agreement. *See Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc). When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In this case, however, petitioner has not provided any proof that the plea agreement limited the District Attorney's right to oppose parole. This claim therefore fails.

### 4. Parole Date

Petitioner contends that a document headed "Credit Term Computation" establishes that his maximum parole date was October 3, 2007. Pet., Ex. E. It is a Department of Corrections form, filled out in cursive by a "case records specialist," and dated "6-10-93." *Id.* The parole decision at issue here became final on August 10, 2006, Tr. at 71, so this document presents no basis for challenging it. In addition, California law, not the CDCR, sets the proper length of an inmate's incarceration, and petitioner has failed to show that California law provides for a date by which an inmate must be paroled. *See* Cal. Penal

8

Code § 3041(b) (allowing denial of release date for considerations of public safety).  This claim is without merit.

### 5. Police Reports

Petitioner contends that the Board's use of police reports as "some evidence" violated the Confrontation Clause and a state regulation.  Violations of state law – such as regulations – cannot be the basis for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). And the Confrontation Clause applies only to criminal prosecutions, and thus does not apply to the parole eligibility hearing at issue here.  *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir.2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (Confrontation Clause does not apply to parole revocation proceedings).  These claims are without merit.

### 6. Jury Trial

Petitioner contends that his Sixth Amendment right to trial by jury was violated by the Board's making factual findings that in effect found him guilty of first degree murder.

Petitioner was convicted of second degree murder and sentenced to a prison term of fifteen years to life.  First degree murder is punishable by death, life without parole, or a term of twenty-five years to life.  Cal. Penal Code § 190(a).  In California a sentence of years-to-life is a life sentence until such time as a prisoner is deemed suitable for parole, *In re Dannenberg*, 34 Cal. 4th 1061, 1083-84 (2005), so in fact the basic sentence for second degree murder – fifteen years to life – is indistinguishable from the mildest sentence for first degree murder, once the minimum parole date has passed and when the prisoner has not been found suitable for parole.  That is, petitioner was not being treated as if he had been convicted of first degree murder.  This claim is rejected.

## IV. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254

(effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Whether there is "some evidence" to support a parole denial often is a judgment call, and here the post-offense evidence supporting denial was thin. Jurists of reason could find the result debatable or wrong. A certificate of appealability will be granted as to the "some evidence" question. Petitioner is advised that despite the grant of a COA he still must file a notice of appeal if he wishes to appeal. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is **GRANTED** as to the "some evidence" claim and **DENIED** as to all other claims. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\CHAVEZ4688.RUL.wpd

10